POLSTON, J.,
dissenting.
' Section 99.061(7)(a) 1., Florida Statutes (2016) (emphasis added), clearly and unambiguously provides that “[i]f a candidate’s check is returned by the bank for any reason, the filing officer shall immediately notify. the candidate and the candidate shall have until the end of the qualifying to pay the fee with a cashier’s cheek purchased from funds of the campaign account.” The same statute explains that the “[fjailure to pay the fee as provided in this subparagraph shall disqualify the candidate.” Id. As explained in the majority opinion, pursuant to the plain language of this subsection, Mr. Wright is disqualified as a candidate because his check was returned by the bank and he did not pay the qualifying fee vyith a cashier’s check by the end of the qualifying period.
While this result is harsh, particularly considering that Mr. Wright did all he could possibly have done to comply with the statutory requirements, this Court *782 does not have the constitutional authority to rewrite .statutes lawfully enacted by our state’s legislature by just asserting that a statute that it does not wish to enforce is unnécessary,' unreasonable, and arbitrary. I agree with Justice Canady’s rejection of the majority’s decision to declare the statute unconstitutional. As Justice Canady explains, the petitioner here did not raise a constitutional challenge to the statute in this Court. By addressing and deciding the case based on a facial constitutional claim that was not raised or briefed by the parties, the majority becomes an advocate rather than a neutral decision makér.
Even if the petitioner had raised a facial challenge to the statute, the challenge would fail under this Court’s precedent. Because section 99.061(7)(a) 1. serves thé legitimate government purpose of ensuring that candidates for office lawfully pay the required qualifying fee with campaign funds, it passes the rational basis test and is, therefore, constitutional. See Fla. High School Activities Ass’n v. Thomas, 434 So.2d 306, 308 (Fla.1983) (“Under a ‘rational basis’ standard of review a court should inquire only whether it is conceivable that the regulatory classification bears some rational relationship to a legitimate state purpose.”).
The majority holds that the statute is facially unconstitutional due to the circumstances involved in this case while acknowledging that “[f]or those, prospective candidates who tender properly executed checks that ultimately clear because they have done all they were required to, the statute poses no problem.” Majority op. at 776. This turns facial constitutional review on its head. • As this Court has explained, “[f]or a statute to be held facially unconstitutional, the challenger must demonstrate that no set of circumstances exists in which the statute can be constitutionally applied.” Abdool v. Bondi, 141 So.3d 529, 538 (Fla.2014); cf. Accelerated Benefits Corp. v. Dep’t of Ins., 813 So.2d 117, 120 (Fla. 1st DCA 2002) (“In considering an ‘as applied’ challenge, the court is to consider the facts of the case at hand.”). Contrary to the majority’s decision today, this Court’s precedent emphasizes that an “[a]ct will not be invalidated as facially unconstitutional simply because it could operate unconstitutionally under some [] circumstances.” Abdool, 141 So.3d at 538.
I would not foreclose the possibility of a successful as-applied constitutional challenge to this statute. However, as stated above, the petitioner did not raise any constitutional challenge to the statute in this Court, as-applied or otherwise.
I respectfully dissent.